HENDERSON v. PETER HENDERSON & CO.

(Circuit Court of Appeals, Seventh Circuit. December 8, 1925.)

No. 3561.

1. Trade-marks and trade-names and unfair competition ⊂⇒44—Registration of surname was not void because applicant's oath of exclusive use was made on information and belief.

Registration of surname as trade-mark, under Trade-mark Act 1905 (Comp. St. § 9485 et seq.), was not void because applicant's oath of 10 years' exclusive use was made on information and belief.

2. Trade-marks and trade-names and unfair competition ⊂⇒44—Application for registration of surname as trade-mark in language of statute held sufficient.

Application for registration of surname under Trade-mark Act 1905 (Comp. St. § 9485 et seq.), stating 10 years' exclusive use by applicant and its predecessors in language of statute, was sufficient, in view of section 16 (section 9501), notwithstanding it did not name all of predecessors.

3. Trade-marks and trade-names and unfair competition ⊂⇒44—That corporate applicant for registration not in existence 40 years stated it used surname for 40 years held not to defeat registration.

That corporate applicant for registration of surname, under Trade-mark Act 1905 (Comp. St. § 9485 et seq.), stated that it had used name for 40 years, whereas corporation had not existed so long, but part of time use was by two preceding successive partnerships, held not to defeat registration.

4. Trade-marks and trade-names and unfair competition ⊂⇒73(1)—Person may not make such unnecessary use of a surname as will interfere with trade rights of another.

Person may not make such unnecessary use of a surname in his business as will interfere with trade rights of another.

5. Trade-marks and trade-names and unfair competition ⊂⇒59(4)—Registered trade-mark "Hendersons" used by retail seed dealer held infringed by names "Henderson's Seed Store" and "A. Henderson & Co."

Trade-mark "Hendersons" for surname registered under Trade-mark Act 1905 (Comp. St. § 9485 et seq.), used on packages of seeds sold by registrant in its retail mail order business, held colorably imitated and infringed by names "Henderson's Seed Store" and "A. Henderson & Co.," applied to local retail business conducted by individual having same surname.

6. Trade-marks and trade-names and unfair competition ⊂⇒59(4), 64—Owner of registered trade-mark in surname held entitled to enjoin its use by another.

Corporate owner of trade-mark in surname "Hendersons," registered under Trade-mark Act 1905 (Comp. St. § 9485 et seq.), used on seed products sold at retail by mail, held entitled to enjoin use of such name by individual defendant having same surname in any manner on his seed packages, and to restrain use of words "& Company," or "& Co.," in connection with such name so long as defendant continued to conduct his business as an individual.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Peter Henderson & Co., a corporation, against Alexander Henderson. Decree for plaintiff, and defendant appeals. Decree modified, and as so modified, affirmed.

The appeal is from a decree awarding appellee relief on account of alleged in-

fringement of statutory trade-mark and for unfair competition in trade.

Appellee's seed business was founded in the '50's by Peter Henderson, and soon became a partnership under name of Peter Henderson & Co., being such in 1890, when the founder died, his sons and surviving partners continuing the business for a short time under the old partnership name, and then organizing it into a New Jersey corporation having same name, and so continuing ever since. The place of business was always in New York City, from which in the earlier stages the business was done through dealers in various parts of the United States, but for the last 30 years or more no dealers have been employed; sales being through mail orders obtained through catalogues and extensive advertising in papers and periodicals. Its catalogue mailing list was in 1881 about 50,000, and grew steadily until now about 500,000, throughout the United States. Its seed packages bore the firm or corporation name, and many of them were labeled "Henderson" or "Henderson's" this, that, or the other seeds. So long was the name associated with its extensively advertised business and its products that the name "Henderson" acquired a secondary significance in the seed business, indicating seeds and kindred products which originated with or were distributed by appellee. In 1907 appellee took advantage of the "10-year" trade-mark Act of 1905 (Comp. St. § 9485 et seq.), and procured from the United States Patent Office registration of "Henderson" as a trade-mark for agricultural and horticultural seeds.

Appellant was raised in the seed business. As a youth he worked for a short time for appellee and then for others, and came to Chicago, where in 1910, with partners, he began a wholesale seed business under name of "A. Henderson & Co." In time the partners dropped out, but appellant continued the business under same partnership name. In 1919 he bought out one Winterson, who had for some years conducted at Chicago, under the name "Winterson's Seed Store" a retail seed business; his sales being over the counter and by catalogue. Appellant moved his wholesale business into the Winterson store, continuing it there under the name of "A. Henderson & Co." and continuing the retail seed business under the name of "Henderson's Seed Store," issuing catalogues in that name and so labeling his seed packages and other goods sold in connection with seeds. Appellant's retail trade is practically all confined to a radius of about 550 miles from its place of business, within which ap-

pellee has mail customers, which, though considerable in number, aggregate but a small percentage of its entire business. Since appellant's entry into the retail trade the evidence showed a few known instances of confusion with appellee's business, but not frequent and apparently not serious. It does not appear that this was by any procurement or intent of appellant, or that appellant undertook to bring about confusion of the names, or to unfairly compete with appellee, save only as this might be inferred from the enumerated facts.

The decree enjoined appellant from using the word "Henderson" in connection with its business to designate its name, unless preceded by appellant's full name or the abbreviation "Alex." or "Alec.," and from using the name in a partnership or corporation except as stated in the decree, and from using the word in any form as wholly or in part the name of any of his seeds.

Luther Johns, of Chicago, Ill., for appellant.

Gifford & Scull and George F. Scull, all of New York City, and Edward S. Rogers and Allen M. Reed, all of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1-3] Appellant contends that the registration is void, asserting that the proofs submitted to procure it did not comply with the statute, first, in that the oath respecting exclusive use is on the knowledge and belief of the affiant. We do not see how in strictness it could be made otherwise, for technically no one could absolutely know that in some part of the United States there was not another, during the time in question, applying to his seeds the name "Henderson." It cannot be presumed that the statute was such that it was impossible to give it effect through requiring proof which in strictest truth the registrant could not make. The second objection is that the statement as to exclusive use was in the alternative, i. e., that the use was by applicant or his predecessors from whom title was derived, without statement as to who the successors were; facts which, if appearing, might show that during part of the time in question the use was not exclusive, but was used contemporaneously by more than one of the registrant's predecessors in title. The obvious reply would seem to be that the proof in this respect is made in the words of the statute, and, if the form employed ad-

mits of such construction, the statute also would admit of it, and would authorize registration under such circumstances. In other words, the required statutory exclusiveness would be exclusiveness respecting all of those, whether one or more, who used it within the statutory time, and whose title had passed to the registrant. The third contention is that, in stating the requirement of the time of use, the registrant gave 40 years as the time it was used in its business, whereas the corporate registrant had not so long existed, but part of the time the use was by the two preceding successive partnerships. We do not think a registration otherwise good should be defeated by so strained a construction of the statute; and, respecting all of the objections, it may be said that no evidence was offered to show existence of any of the supposed possibilities which it is contended the proof for registration did not negative, and no attempt was ever made to cancel the registration. Besides, section 16 of the act (Comp. St. § 9501) provides that registration under the act shall be prima facie evidence of ownership. We are satisfied that the prima facie force of this registration has not been overcome.

[4] The trade-mark registration being effective, was it transgressed by appellant's use of it? We think it clear that under the circumstances the employment of the name "Henderson's Seed Store" was in no sense necessary to insure to appellant the full opportunity to make use of his name in connection with his seed business. On principle as well as authority it is plain that he may not make such unnecessary use of it as will interfere with the trade rights which another had theretofore lawfully secured. Without entering into prolonged discussion of the cases, we refer to Waterman Co. v. Modern Pen Co., 235 U. S. 88, 35 S. Ct. 91, 59 L. Ed. 142, and Thaddeus Davids Co. v. Davids Mfg. Co., 233 U. S. 461, 34 S. Ct. 648, 58 L. Ed. 1046, Ann. Cas. 1915B, 322, in the Supreme Court, and Chickering, etc., v. Chickering & Sons, 215 F. 490, 131 C. C. A. 538, in this court, as indicating what our conclusion must be on the broad proposition of appellant's liability.

[5] It is stressed in appellant's brief that appellant's good faith appears from the circumstances whereunder he adopted the name "Henderson's Seed Store"; that it was taken without any reference to appellee, but came about naturally through having succeeded to "Winterson's Seed Store," requiring only the change of the two first syllables of the Winterson name to make it "Hendersons"; also that in Chicago it was quite the custom to designate such establishment by the owner's surname only prefixed to the words "seed store." Such things may explain how it came about, and may tend to acquit appellant of moral turpitude in its use of the trade-marked name, but this in no manner minimizes the effect upon appellee's trade rights, nor its remedy for their invasion. Thaddeus Davids Co. v. Davids, supra. The use in appellant's business of the term "Henderson's Seed Store," and applying it in any way to his products, infringes appellee's trade-mark, and should not be permitted.

As to use of the name of "A. Henderson & Co.," it might well be that, if associated only with the wholesale business, such business would not be in competition with appellee's strictly retail mail order business. But when in 1919 appellant entered the very same business in connection with which appellee's registration was procured, and operated in territory wherein appellee long had many customers, and carried on its wholesale and retail business in the same place which it called "Henderson's Seed Store," a different situation at once arose. The buying public would not discriminate between "A. Henderson & Co." and "Henderson's Seed Store" as to which was wholesale and which was retail. They were there together, apparently the same thing, and we must treat the name "A. Henderson & Co." as though it were being used for the same purpose, as was "Henderson's Seed Store." Appellant's business is not a partnership, and no reason appears wherefore it is necessary to the proper use of his own name to add words or symbols which indicate a partnership which does not exist, but which, when added, make his trade-name more nearly like that of appellee. We are of opinion that the use of the initial "A." preceding "Henderson" in connection with any part of appellant's seed business does not here, any more than in the Davids Case, avoid the conclusion of "colorable imitation."

[6] While at best some confusion is incident to similarity of names, the requirement of the decree that appellant's full given name or its suggested abbreviation precede his surname will tend better to safeguard appellee's rights, and at the same time impose no undue hardship or inconvenience to appellant. Nor is the decree objectionable in providing that the term "Henderson" shall not be employed by appellant in any name he

may adopt for his seed packages. Appellee's lawful registry gives it the sole right to the employment of "Henderson" as a name for its seed product, and, where lawful right to label a product with the registered name has been secured, the same word should not be employed in any name·for another's like product where in reason this can be avoided. We likewise approve of the decree in so far as it makes provision·for the use of appellant's name in a partnership into which he may enter, or corporation which may succeed unto his business, save only that it would unduly restrict appellant to prevent use by a partnership of the ordinary words "& Company" or "& Co." in connection with appellant's name, as the decree·authorizes him to use it. While appellee should be protected in its trade-mark rights, no undue restriction should be placed upon appellant in the business use of his own name. His partnership, if formed, may have the same reason for employing after his name the usual and ordinary indication of a partnership without setting forth the names of the other partners, as many another has done, and in this he should not be hindered. The protection of his interests does not, however, require that he be permitted to employ the ordinary partnership words after his name so long as he has no partner. What is said of a partnership name is likewise true as to corporate name. The use of the term "Company" ·or "Co." to indicate a corporation is so usual and common that appellant should not be deprived of the right to this use in such a corporate relation, if he employs his own name as in the decree provided.

The decree is directed to be modified so as to permit the use of the term "& Co." or "& Company" in an actual partnership, or ·"Co." or "Company" in a corporation which may succeed unto his business, and with such modification the decree is affirmed.